```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

United States of America,       :

    Plaintiff,               :

  v.                              :        Case No. 2:14-cr-263(2)

                                :        JUDGE MICHAEL H. WATSON
Jasean McNair,                           Magistrate Judge Kemp

    Defendant.               :

ORDER

Defendant Jasean McNair has been charged in this Court with one count of conspiracy to commit access device fraud and two counts of access device fraud, all relating to events which occurred in 2012 and 2013.  He appeared before the Court on November 26, 2014, following his arrest, and was, with the agreement of the United States, released on a personal recognizance bond with additional conditions, including electronic monitoring with a curfew requirement.  (Doc. 6).

The United States Pretrial Services issued a report, dated July 9, 2015, detailing a number of alleged violations of the conditions of release, which included some curfew violations (the longest being 14 minutes), some lapses in electronic monitoring due to Defendant's failure to pay his telephone bill, three occasions in an eight-month period where Defendant did not report as directed, and a new arrest on a domestic violence charge involving Defendant's sister.  Defendant was subsequently arrested, and the Court held a bond revocation hearing on July 20, 2015.

The evidence presented at the hearing consisted of the testimony of two witnesses.  Defendant's Pretrial Services Officer testified to the alleged violations.  He had first-hand knowledge of the electronic monitoring violations and the

failures to report.  As to the domestic violence charge, he testified that he found out about the charge during a records review, informed Defendant that a state warrant had issued, and advised Defendant to turn himself in, which he did.  Defendant was released on bond in that case.  The Pretrial Services officer did not speak directly to either the investigating police officer or the alleged victim, however, and his knowledge of the facts was limited to what was written in the state court complaint, which alleged that Defendant punched his sister several times during a family altercation which happened on May 22, 2015.

One of the members of the task force which arrested Defendant on July 17, 2015 also testified.  He said that he located an unloaded pistol in a closet in the apartment shared by Defendant and his girlfriend while conducting a protective sweep of the residence.  Both Defendant and his girlfriend denied ownership of the gun.  Law enforcement officials have determined that the gun was not reported stolen, but have not yet learned to whom it is registered.  Based on these facts, the United States asked that the Defendant's bond be revoked and that he be detained pending trial.

Revocation of bond and detention based on bond violations are governed by 18 U.S.C. §3148(b).  That section reads as follows:

> (b) Revocation of release.--The attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with this section. To the extent practicable, a person charged with violating the condition of release that such person not commit a Federal, State, or local crime during the period of

release, shall be brought before the judicial officer who ordered the release and whose order is alleged to have been violated. The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer--

 (1) finds that there is--

   (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or

   (B) clear and convincing evidence that the person has violated any other condition of release; and

 (2) finds that--

   (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

   (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly.

Based on the evidence, the Court found that Defendant did commit those violations detailed in the Pretrial Services report

(although the evidence that Defendant actually committed the state crime of domestic violence - as opposed to the evidence that he was arrested and charged with that crime - was quite weak).  The question then became whether the United States had shown either that Defendant was, even if released under the same or modified conditions of release, a risk of flight or danger to the community, or that he was unlikely to abide by any conditions of release.

There is no issue of risk of flight or non-appearance in this case.  As far as danger to the community is concerned, the only evidence of such danger is the May 22, 2015 event involving Defendant's sister and the weapon found in his apartment.  Concerning the former, without even hearsay testimony from the victim or the investigating officer, it is hard to gauge the magnitude of danger to the community, but it is significant that two months have passed since the incident occurred; that there have been no additional incidents; that Defendant turned himself in when informed of the warrant and was released on bond, without incurring any violations of that bond; and that Defendant's sister was present in Court during the revocation hearing.  Also, Defendant has apparently abided by his Pretrial Services Officer's admonition to avoid contact with his sister, even though there is no bond condition or state court order directing that the two of them have no contact.  The Court believes that bond conditions, as modified below, will reasonably address any danger to the community.

As to the firearm, the United States agreed that, at this point, it has no evidence of ownership.  Further, it appears that mere possession of a firearm by someone who has no felony record but is under indictment for a federal felony is not a federal offense.  See 18 U.S.C. §922(n)(prohibiting transportation, shipment, or receipt of a firearm by someone under indictment,

-4-

but not mere possession).  The United States suggested that, if Defendant did possess a firearm, he may have committed a state crime, but admitted that counsel was still investigating that matter.  While the possession of a weapon under these circumstances is troubling, it does not appear, at this point, to be a new crime (or at least not a new federal crime), and a weapons prohibition was not part of Defendant's original release conditions.  A new condition addressing that issue should also be sufficient to guard against any future danger to the community from weapons possession.

    The United States also did not prove that Defendant is unlikely to abide by any conditions of release.  He has incurred relatively few violations over the course of eight months of pretrial supervision, and has followed directions given to him by his Pretrial Services Officer, including surrendering on the state court warrant.  It appears likely that he will follow conditions of release in the future.

    For these reasons, the Court ordered Defendant re-released on bond, but with these additional conditions: (1) Defendant shall not possess a firearm, destructive device, or other dangerous weapon; (2) Defendant shall follow the directions of his Pretrial Services Officer concerning mental health or mental wellness counseling, treatment, or other programming; and (3) the curfew restriction on electronic monitoring is changed to home detention.

    This order is stayed for a period of 48 hours to permit the United States to seek review by a United States District Judge, and for such further time as is needed for a decision on that review, should it be sought.

/s/ Terence P. Kemp

United States Magistrate Judge